4

## CIRCUIT COURT OF FAIRFAX COUNTY

Antonios Marios

 v.

Dane Kielsgard et al.

April 2, 1999

Case No. (Law) 178026

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on March 26, 1999, on the defendant's Motion to Quash a subpoena duces tecum issued by the court to Nationwide Insurance Company at the request of the plaintiff. The subpoena sought Nationwide's file regarding this claim and a personnel file of an adjuster formerly employed by Nationwide who worked on the claim. The defendant moved to quash the subpoena on the grounds that it was overly broad and unduly burdensome and sought privileged and irrelevant information. For the reasons stated below, the motion to quash the subpoena is granted.

Plaintiff Marios filed an action against defendant Kielsgard in the General District Court and named Nationwide as a second defendant. According to the warrant in debt, the action was brought on theories of negligence and violation of § 8.01-66 of the Code of Virginia. Nationwide filed a motion to dismiss on the basis of misjoinder, and the motion was granted. The action proceeded in the General District Court against defendant Kielsgard, and a judgment was entered. Defendant Kielsgard appealed to this court. Thereafter, plaintiff requested the referenced subpoena to be issued.

Section 8.01-66 of the Code provides in subsection A that a person entitled to recovery for damage to his motor vehicle is also entitled to recover the reasonable cost of a temporary replacement vehicle while his own vehicle is being repaired. Subsection B of the statute provides that whenever an insurance company or self-insured company refuses in bad faith to provide such a temporary vehicle "to any person entitled to recover the actual cost of

hiring a substitute vehicle as set forth in subsection A," the company is liable to that person in the amount of five hundred dollars or double the rental cost, whichever is greater. Plaintiff Marios seeks recovery in this case under § 8.01-66(B) on the theory that defendant Kielsgard's insurance company (Nationwide) has denied the plaintiff a rental vehicle in bad faith.

The issue presented by the instant motion is whether the statute establishes a cause of action on behalf of plaintiff Marios against defendant Kielsgard for alleged bad faith denial of a rental car by Kielsgard's insurance carrier. I find that it does not. Section 8.01-66(B) only applies when a party has a cause of action directly against an insurance carrier (e.g., a policy holder) or a self-insured company. It does not make an insured liable for statutory damages as to a claimant when the insured's carrier denied (even in bad faith) a claim for the cost of a rental car.

Section 8.01-66.1 provides for a penal sum and attorney's fees in favor of a claimant against an insured's carrier under certain circumstances not applicable here. In the instant matter, the only defendant is Kielsgard. He is not subject to a claim by the plaintiff under § 8.01-66(B).